UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH KINNARD,

    Plaintiff,

    v.

CALIFORNIA STATE DMV,

    Defendant.

_____/

No. C 10-1081 PJH

**ORDER OF DISMISSAL**

    Pro se plaintiff Kenneth Kinnard filed this action on March 12, 2010, against defendant California State DMV. Also on March 12, 2010, he filed a motion to proceed in forma pauperis ("IFP"). The court has reviewed the complaint and finds that the action must be dismissed pursuant to 28 U.S.C. § 1915(e).

## BACKGROUND

    Plaintiff's claims relate to an alleged illegal lien sale of a trailer belonging to plaintiff. In February 2006, plaintiff filed suit in a California state court against ABC Auto Parts and Pat's Lien Service, alleging that they had conducted a sale of plaintiff's trailer without the due process hearing required under California Civil Code § 3072.

    Plaintiff asserts that in April 2007, he learned from the attorney for Pat's Lien Service that defendant California State DMV ("the DMV" – the California Department of Motor Vehicles) had issued a letter withdrawing permission for the lien sale. Plaintiff then filed a claim with the DMV, and subsequently amended his state court complaint to allege claims against the DMV under the United States and California Constitutions.

    Plaintiff alleges that in February 2010, his state court case was dismissed, and that the court declined to accept jurisdiction of his federal constitutional claim, notwithstanding

his request that the court "preserve" the federal cause of action.

In the present complaint, plaintiff alleges a claim of due process violations against DMV, under the Fourteenth Amendment to the United States Constitution, and under Art. 1, Sec. 31 of the California Constitution. He seeks damages and costs of suit.

Plaintiff asserts that his claims should be equitably tolled, based on the fact that he could not have discovered the true facts until June 2007, and also based on the fact that he was pursuing the action in state court until February 2010.

## DISCUSSION

A.   Legal Standard

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). When a complaint is filed IFP, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. § 1915( e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law. Neitzke v. Williams, 490 U.S. 319, 328- 30 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).

When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

B.   Analysis

As plaintiff acknowledges in his complaint, the DMV is an agency of the State of California. The Eleventh Amendment to the United States Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens

or subjects of any foreign state. <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 237-38 (1985). This includes state law claims brought against a state in federal court under the supplemental jurisdiction statute, 28 U.S.C. § 1367. <u>Raygor v. Regents of the University of Minnesota,</u> 534 U.S. 533, 541-42 (2002).

Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued regardless of the relief sought. <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n.14 (1985). This Eleventh Amendment immunity also extends to suits against a state agency. <u>See</u>, <u>e.g.</u>, <u>Brown v. California Dep't of Corrs.</u>, 554 F.3d 747, 752 (9th Cir. 2009).

**CONCLUSION**

Because the DMV is an agency of the State of California, it may not be sued in federal court. Accordingly, plaintiff's complaint must be DISMISSED. As the court finds that amendment would be futile, the dismissal is WITHOUT LEAVE TO AMEND.

The request for leave to proceed IFP is GRANTED. Plaintiff need not pay the filing fee.

**IT IS SO ORDERED.**

Dated: March 29, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge